JDB:EAG/JDG/CMP
F.#2008R00530

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

JOHN FRANZESE,
   also known as "Sonny
   Franzese,"
JOHN CAPOLINO,
   also known as "Johnny Cop,"
CHRISTOPHER CURANOVIC,
JOSEPH DIGORGA,
ANGELO GIANGRANDE and
ORLANDO SPADO,
   also known as "Ori Spado,"

        Defendants.

- - - - - - - - - - - - - - - X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 22 2010 ★

BROOKLYN OFFICE

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>08-240 (S-5) (BMC)</u>
(T. 18, U.S.C., §§ 892(a),
894(a)(1), 924(c)(1)(A)(ii),
924(d), 981(a)(1)(C),
1951(a), 1962(d), 1963,
2 and 3551 <u>et seq</u>.;
T. 21, U.S.C., §§
841(b)(1)(A)(ii)(II), 846,
853(p); T. 28, U.S.C.
§ 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION TO ALL COUNTS

     At all times relevant to this superseding indictment, unless otherwise indicated:

<u>The Enterprise</u>

     1.  The members and associates of the Colombo organized crime family of La Cosa Nostra (the "Colombo family") constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

The Colombo family engaged in, and its activities affected, interstate and foreign commerce.  The Colombo family was an organized criminal group that operated in the Eastern District of New York and elsewhere.

2.    The Colombo family operated through groups of individuals headed by "captains," who were also referred to as "skippers," "caporegimes" and "capodecinas."  These groups, which were referred to as "crews," "regimes" and "decinas," consisted of "made" members of the Colombo family, also referred to as "soldiers," "friends of ours," "good fellows" and "buttons," as well as associates of the Colombo family.

3.    Each captain was responsible for supervising the criminal activities of his crew and providing crew members and associates with support and protection.  In return, the captain received a share of the earnings of each of the crew's members and associates.

4.    Above the captains were the three highest-ranking members of the Colombo family.  The head of the Colombo family was known as the "boss."  He was assisted by an "underboss" and a counselor, who was known as the "consigliere."  With the assistance of the underboss and consigliere, the boss was responsible for setting policy, resolving disputes between members and associates of the Colombo family and members and associates of other criminal organizations, and approving all

2

significant actions taken by members and associates of the
Colombo family, including murder.

     5.   The boss, underboss and consigliere of the Colombo
family, who were sometimes referred to collectively as the
"administration," supervised, supported, protected and
disciplined the captains, soldiers and associates and regularly
received reports regarding the activities of the members and
associates of the Colombo family.  In return for their
supervision and protection, the boss, underboss and consigliere
received part of the illegal earnings of each crew.  When a
member of the administration was unable to fulfill his criminal
responsibilities because of incarceration, ill health or other
reason, a member of the Colombo family was often appointed to
that position in an acting capacity.

     6.   The Colombo family was part of a nationwide
criminal organization known by various names, including the
"mafia" and "La Cosa Nostra," which operated through entities
known as "families."  The ruling body of this nationwide
organization was known as the "commission," the membership of
which at various times has included the bosses of the five New
York City-based families, to wit: the Bonanno, Colombo, Gambino,
Genovese and Luchese organized crime families.

     7.   From time to time, the Colombo family would
propose a list of associates to be "made," that is, to become

members of the Colombo family.  The list would be circulated to the other families based in New York City.

## The Purposes, Methods and Means of the Enterprise

8.   The principal purpose of the Colombo family was to generate money for its members and associates.  This purpose was implemented by members and associates of the Colombo family through various criminal activities, including drug trafficking, extortion, illegal gambling, and loansharking.  The members and associates of the Colombo family also furthered the enterprise's criminal activities by threatening economic injury and using and threatening to use physical violence, including murder.

9.   Although the primary purpose of the Colombo family was to generate money for its members and associates, the members and associates at times used the resources of the Colombo family to settle personal grievances and vendettas, sometimes with the approval of higher-ranking members of the Colombo family.  For those purposes, members and associates of the enterprise were asked and expected to carry out, among other crimes, acts of violence, including murder and assault.

10.  The members and associates of the Colombo family engaged in conduct designed to prevent government detection of their identities, their illegal activities and the location of proceeds of those activities.  That conduct included a commitment to murdering persons, particularly members or associates of

4

organized crime families, who were perceived as potential witnesses against members and associates of the enterprise.

11.  Members and associates of the Colombo family often coordinated street-level criminal activity, such as drug trafficking, loansharking, and extortion, with members and associates of other organized crime families.

The Defendants

12.  At various times, the defendant JOHN FRANZESE, also known as "Sonny Franzese," was an underboss, captain, soldier and associate within the Colombo family.

13.  At various times, the defendants JOHN CAPOLINO, also known as "Johnny Cop," CHRISTOPHER CURANOVIC, JOSEPH DIGORGA and ORLANDO SPADO, also known as "Ori Spado," were associates within the Colombo family.

COUNT ONE
(Racketeering Conspiracy)

14.  The allegations of paragraphs 1 through 13 are hereby realleged and incorporated as if fully set forth in this paragraph.

15.  In or about and between January 1991 and the present, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN FRANZESE, also known as "Sonny Franzese," CHRISTOPHER CURANOVIC, JOSEPH DIGORGA and ORLANDO SPADO, also known as "Ori Spado," together with others, being persons employed by and associated

with the Colombo family, an enterprise which engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.  Each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

<u>RACKETEERING ACT ONE</u>
(Extortionate Extension/Collection of Credit - John Doe #1)

16.  The defendants named below committed the following acts, any one of which alone constitutes racketeering act one:

A.  <u>Extortionate Extension of Credit Conspiracy</u>

17.  In or about 2002, within the Eastern District of New York and elsewhere, the defendants JOHN FRANZESE and JOSEPH DIGORGA, together with others, did knowingly and intentionally conspire to make extortionate extensions of credit to John Doe #1, an individual whose identity is known to the grand jury, in violation of Title 18, United States Code, Section 892(a).

B.  <u>Extortionate Extension of Credit</u>

18.  In or about 2002, within the Eastern District of New York and elsewhere, the defendants JOHN FRANZESE and JOSEPH

DIGORGA, together with others, did knowingly and intentionally make extortionate extensions of credit to John Doe #1, in violation of Title 18, United States Code, Sections 892(a) and 2.

    C.   <u>Extortionate Collection of Credit Conspiracy</u>

       19.  In or about and between 2002 and 2005, within the Eastern District of New York and elsewhere, the defendants JOHN FRANZESE and JOSEPH DIGORGA, together with others, did knowingly and intentionally conspire to use extortionate means to collect and attempt to collect extensions of credit from John Doe #1, in violation of Title 18, United States Code, Section 894(a)(1).

<u>RACKETEERING ACT TWO</u>
(Extortion Conspiracy - Cujini Due Pizzeria)

       20.  The defendants named below committed the following acts, either one of which alone constitutes racketeering act two:

    A.   <u>State Extortion Conspiracy</u>

       21.  In or about 2003, within the Eastern District of New York and elsewhere, the defendants JOHN FRANZESE and JOSEPH DIGORGA, together with others, did commit an act involving extortion, that is, did knowingly and intentionally conspire to steal property by extortion, in that the defendants and their coconspirators agreed to obtain property from the owners of Cujini Due Pizzeria by instilling in them a fear that if the property was not delivered, the defendants and other persons would cause physical injury to some person in the future and

7

cause damage to property, in violation of New York Penal Law Sections 155.40(2)(a), 155.40(2)(b) and 105.10.

B.   Federal Extortion Conspiracy

22.   In or about 2003, within the Eastern District of New York and elsewhere, the defendants JOHN FRANZESE and JOSEPH DIGORGA, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their coconspirators agreed to obtain property with the consent of the owners of Cujini Due Pizzeria, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Section 1951(a).

<u>RACKETEERING ACT THREE</u>
(Extortion Conspiracy - Hustler Club)

23.   The defendants named below committed the following acts, either one of which alone constitutes racketeering act three:

A.   State Extortion Conspiracy

24.   In or about and between 2004 and 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN FRANZESE and JOSEPH DIGORGA, together with others, did commit an act involving extortion, that is, did knowingly and intentionally conspire to steal property by extortion, in that the defendants and their

8

coconspirators agreed to obtain property from the owners of the Hustler Club located in Manhattan, New York by instilling in them a fear that if the property was not delivered, the defendants and other persons would cause physical injury to some person in the future and cause damage to property, in violation of New York Penal Law Sections 155.40(2)(a), 155.40(2)(b) and 105.10.

    B.   <u>Federal Extortion Conspiracy</u>

       25.  In or about and between 2004 and 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN FRANZESE and JOSEPH DIGORGA, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their coconspirators agreed to obtain property with the consent of the owners of the Hustler Club located in Manhattan, New York, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Section 1951(a).

<u>RACKETEERING ACT FOUR</u><br>(Extortion Conspiracy - Penthouse Club)

       26.  The defendants named below committed the following acts, either one of which alone constitutes racketeering act four:

9

A.    <u>State Extortion Conspiracy</u>

27.  In or about and between 2005 and 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN FRANZESE and JOSEPH DIGORGA, together with others, did commit an act involving extortion, that is, did knowingly and intentionally conspire to steal property by extortion, in that the defendants and their coconspirators agreed to obtain property from the owners of the Penthouse Club located in Manhattan, New York by instilling in them a fear that if the property was not delivered, the defendants and other persons would cause physical injury to some person in the future and cause damage to property, in violation of New York Penal Law Sections 155.40(2)(a), 155.40(2)(b) and 105.10.

B.    <u>Federal Extortion Conspiracy</u>

28.  In or about and between 2005 and 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN FRANZESE and JOSEPH DIGORGA, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their coconspirators agreed to obtain property with the consent of the owners of the Penthouse Club located in Manhattan, New York, which consent was to be induced through

10

wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Section 1951(a).

RACKETEERING ACT FIVE
(Robbery Conspiracy)

29.   The defendants named below committed the following acts, either one of which alone constitutes racketeering act five:

A.   <u>State Robbery Conspiracy</u>

30.   In or about and between January 2006 and May 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER CURANOVIC and ORLANDO SPADO, together with others, did knowingly and intentionally conspire to forcibly steal property from persons at a residence in Los Angeles, California, by threatening the immediate use of physical force upon said persons and in the course of such robbery, to display what appeared to be a firearm, in violation of New York Penal Law Sections 160.10 and 105.10.

B.   <u>Federal Robbery Conspiracy</u>

31.   In or about and between January 2006 and May 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER CURANOVIC and ORLANDO SPADO, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce and the movement of articles and commodities in commerce, by robbery, to wit: robbery of an individual at a residence in Los

11

Angeles, California, of narcotics and narcotics proceeds, in violation of Title 18, United States Code, Section 1951(a).

## RACKETEERING ACT SIX
(Attempted Extortion - John Doe #2)

32. In or about March 2006, within the Eastern District of New York and elsewhere, the defendants JOHN FRANZESE, together with others, did knowingly and intentionally attempt to commit an act involving extortion, to wit: compelling and inducing John Doe #2, an individual whose identity is known to the grand jury, to deliver money and property to the defendant and others by instilling in him a fear that, if the money and property was not delivered, the defendant and others would cause physical injury to John Doe #2 in the future, and cause damage to the property of John Doe #2, in violation of New York Penal Law Sections 155.40(2)(a), 155.40(2)(b), 110.00 and 20.00.

## RACKETEERING ACT SEVEN
(Cocaine Distribution Conspiracy)

33. In or about and between May 2006 and June 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ORLANDO SPADO, together with others, did knowingly and intentionally conspire to distribute and to possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

12

RACKETEERING ACT EIGHT
(Extortionate Extension/Collection of Credit - John Doe #3)

34.   The defendants named below committed the following acts, any one of which alone constitutes racketeering act eight:

A.   Extortionate Extension of Credit Conspiracy

35.   In or about October 2006, within the Eastern District of New York, the defendants JOHN FRANZESE and CHRISTOPHER CURANOVIC, together with others, did knowingly and intentionally conspire to make extortionate extensions of credit to John Doe #3, an individual whose identity is known to the grand jury, in violation of Title 18, United States Code, Section 892(a).

B.   Extortionate Extension of Credit

36.   In or about October 2006, within the Eastern District of New York, the defendants JOHN FRANZESE and CHRISTOPHER CURANOVIC, together with others, did knowingly and intentionally make extortionate extensions of credit to John Doe #3, in violation of Title 18, United States Code, Sections 892(a) and 2.

C.   Extortionate Collection of Credit Conspiracy

37.   In or about and between October 2006 and September 2007, both dates being approximate and inclusive, within the Eastern District of New York, the defendants JOHN FRANZESE and CHRISTOPHER CURANOVIC, together with others, did knowingly and intentionally conspire to use extortionate means to collect and

13

attempt to collect extensions of credit from John Doe #3, in violation of Title 18, United States Code, Section 894(a)(1).

    D.    <u>Extortionate Collection of Credit</u>

    38.  In or about and between October 2006 and September 2007, both dates being approximate and inclusive, within the Eastern District of New York, the defendants JOHN FRANZESE and CHRISTOPHER CURANOVIC, together with others, did knowingly and intentionally use extortionate means to collect and attempt to collect extensions of credit from John Doe #3, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

<u>RACKETEERING ACT NINE</u>
(Extortion/Extortion Conspiracy - Rue B)

    39.  The defendant named below committed the following acts, any one of which alone constitutes racketeering act nine:

    A.    <u>State Extortion Conspiracy</u>

    40.  In or about and between January 2007 and March 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER CURANOVIC, together with others, did commit an act involving extortion, that is, did knowingly and intentionally conspire to steal property by extortion, in that the defendant and his coconspirator agreed to obtain property, to wit: money, from the owner of Rue B Restaurant by instilling in him a fear that if the property was not delivered, the defendant and other persons would cause physical injury to some person in the future

14

and cause damage to property, in violation of New York Penal Law
Sections 155.40(2)(a), 155.40(2)(b) and 105.10.

B.    State Extortion

41.    In or about and between January 2007 and March
2007, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant
CHRISTOPHER CURANOVIC, together with others, did commit an act
involving extortion, that is, did knowingly and intentionally
steal property by extortion, in that the defendant and his
coconspirators obtained property, to wit: money, from the owner
of Rue B Restaurant by instilling in him a fear that if the
property was not delivered, the defendant and other persons would
cause physical injury to some person in the future and cause
damage to property, in violation of New York Penal Law Sections
155.30(6) and 20.00.

C.    Federal Extortion Conspiracy

42.    In or about and between January 2007 and March
2007, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant
CHRISTOPHER CURANOVIC, together with others, did knowingly and
intentionally conspire to obstruct, delay and affect commerce,
and the movement of articles and commodities in commerce, by
extortion, in that the defendant and his coconspirators agreed to
obtain property, to wit: money, with the consent of the owner of

15

Rue B Restaurant, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Section 1951(a).

      D.   <u>Federal Extortion</u>

      43.  In or about and between January 2007 and March 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER CURANOVIC, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others obtained property, to wit: money, with the consent of the owner of Rue B Restaurant, which consent was induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

      (Title 18, United States Code, Sections 1962(d), 1963 and 3551 <u>et</u> <u>seq</u>.)

<u>COUNT TWO</u>
(Extortionate Collection of Credit Conspiracy - John Doe #1)

      44.  In or about and between 2002 and 2005, both dates being approximate and inclusive, within the Eastern District of New York, the defendants JOHN FRANZESE, also known as "Sonny Franzese," and JOSEPH DIGORGA, together with others, did knowingly and intentionally conspire to use extortionate means to

16

collect and attempt to collect extensions of credit from John Doe #1.

(Title 18, United States Code, Sections 894(a)(1) and 3551 et seq.)

### COUNT THREE
(Extortion Conspiracy - Cujini Due Pizzeria)

45.   In or about 2003, within the Eastern District of New York and elsewhere, the defendants JOHN FRANZESE, also known as "Sonny Franzese," JOSEPH DIGORGA and ANGELO GIANGRANDE, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their coconspirators agreed to obtain property with the consent of the owners of Cujini Due Pizzeria, which consent was to be induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

### COUNT FOUR
(Extortionate Collection of Credit Conspiracy - John Doe #4)

46.   In or about and between January 2003 and March 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN CAPOLINO, also known as "Johnny Cop," together with others, did knowingly and intentionally conspire to participate in the use of

17

extortionate means to collect and attempt to collect extensions
of credit from John Doe #4, an individual whose identity is known
to the Grand Jury.

      (Title 18, United States Code, Sections 894(a)(1) and
3551 et seq.)

COUNT FIVE

(Extortionate Collection of Credit - John Doe #4)

      47.  In or about and between January 2003 and March
2006, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant JOHN
CAPOLINO, also known as "Johnny Cop," together with others, did
knowingly and intentionally participate in the use of
extortionate means to collect and attempt to collect extensions
of credit from John Doe #4.

      (Title 18, United States Code, Sections 894(a)(1), 2
and 3551 et seq.)

COUNT SIX

(Extortion Conspiracy - Hustler Club)

      48.  In or about and between 2004 and 2006, both dates
being approximate and inclusive, within the Eastern District of
New York and elsewhere, the defendants JOHN FRANZESE, also known
as "Sonny Franzese," and JOSEPH DIGORGA, together with others,
did knowingly and intentionally conspire to obstruct, delay and
affect commerce, and the movement of articles and commodities in
commerce, by extortion, in that the defendants and their
coconspirators agreed to obtain property with the consent of the

18

owners of the Hustler Club located in Manhattan, New York, which consent was to be induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT SEVEN
(Extortion Conspiracy - Penthouse Club)

49.   In or about and between 2005 and 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN FRANZESE, also known as "Sonny Franzese," and JOSEPH DIGORGA, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and their coconspirators agreed to obtain property with the consent of the owners of the Penthouse Club located in Manhattan, New York, which consent was to be induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT EIGHT
(Robbery Conspiracy)

50.   In or about and between January 2006 and May 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHRISTOPHER

19

CURANOVIC and ORLANDO SPADO, also known as "Ori Spado," together
with others, did knowingly and intentionally conspire to
obstruct, delay and affect commerce and the movement of articles
and commodities in commerce, by robbery, to wit: robbery of an
individual at a residence in Los Angeles, California, of
narcotics proceeds.

(Title 18, United States Code, Sections 1951(a) and
3551 et seq.)

## COUNT NINE
(Use of a Firearm)

51.  In or about May 2006, within the Eastern District
of New York and elsewhere, the defendants CHRISTOPHER CURANOVIC
and ORLANDO SPADO, also known as "Ori Spado," together with
others, did knowingly and intentionally use and carry a firearm
during and in relation to a crime of violence, to wit: the crime
charged in Count Eight, and did knowingly and intentionally
possess a firearm in furtherance of said crime of violence, which
firearm was brandished.

(Title 18, United States Code, Sections
924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT TEN
(Cocaine Distribution Conspiracy)

52.  In or about and between May 2006 and June 2006,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendant ORLANDO SPADO,

also known as "Ori Spado," together with others, did knowingly
and intentionally conspire to distribute and to possess with
intent to distribute a controlled substance, which offense
involved five kilograms or more a substance containing cocaine, a
Schedule II controlled substance, in violation of Title 21,
United States Code, Section 841(a)(1).

      (Title 21, United States Code, Sections 846 and
841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551
et seq.)

COUNT ELEVEN
(Extortionate Extension of Credit Conspiracy - John Doe #3)

      53.   In or about October 2006, within the Eastern
District of New York, the defendants JOHN FRANZESE, also known as
"Sonny Franzese," and CHRISTOPHER CURANOVIC, together with
others, did knowingly and intentionally conspire to make
extortionate extensions of credit to John Doe #3.

      (Title 18, United States Code, Sections 892(a) and 3551
et seq.)

COUNT TWELVE
(Extortionate Extension of Credit - John Doe #3)

      54.   In or about October 2006, within the Eastern
District of New York, the defendants JOHN FRANZESE, also known as
"Sonny Franzese," and CHRISTOPHER CURANOVIC, together with

21

others, did knowingly and intentionally make extortionate
extensions of credit to John Doe #3.

      (Title 18, United States Code, Sections 892(a), 2 and
3551 et seq.)

### COUNT THIRTEEN
(Extortionate Collection of Credit Conspiracy - John Doe #3)

      55.   In or about and between October 2006 and September
2007, both dates being approximate and inclusive, within the
Eastern District of New York, the defendants JOHN FRANZESE, also
known as "Sonny Franzese," and CHRISTOPHER CURANOVIC, together
with others, did knowingly and intentionally conspire to use
extortionate means to collect and attempt to collect extensions
of credit from John Doe #3.

      (Title 18, United States Code, Sections 894(a)(1) and
3551 et seq.)

### COUNT FOURTEEN
(Extortionate Collection of Credit - John Doe #3)

      56.   In or about and between October 2006 and September
2007, both dates being approximate and inclusive, within the
Eastern District of New York, the defendants JOHN FRANZESE, also
known as "Sonny Franzese," and CHRISTOPHER CURANOVIC, together
with others, did knowingly and intentionally use extortionate

means to collect and attempt to collect extensions of credit from John Doe #3.

(Title 18, United States Code, Sections 894(a)(1) and 3551 et seq.)

## COUNT FIFTEEN
### (Extortion Conspiracy)

57.   In or about and between January 2007 and March 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER CURANOVIC, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and his coconspirators agreed to obtain property, to wit: money, with the consent of the owner of Rue B Restaurant, which consent was to be induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT SIXTEEN
### (Extortion)

58.   In or about and between January 2007 and March 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER CURANOVIC, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the

movement of articles and commodities in commerce, by extortion, in that the defendant and others obtained property, to wit: money, with the consent of the owner of Rue B Restaurant, which consent was induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## FORFEITURE ALLEGATION AS TO COUNT ONE

59.   The United States hereby gives notice to the defendants JOHN FRANZESE, also known as "Sonny Franzese," CHRISTOPHER CURANOVIC, JOSEPH DIGORGA and ORLANDO SPADO, also known as "Ori Spado," charged in Count One that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963, which requires any person convicted of such offense to forfeit any property:

a.   the defendants have acquired and maintained an interest in, in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b.   the defendants have an interest in, security of, claims against, and property and contractual rights that afford a source of influence over the enterprise that the defendants established, operated, controlled, conducted and

24

participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); or

        c.  the defendants derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3), including but not limited to a sum of money equal to at least $60,000 or the amount of proceeds obtained by the defendants for the racketeering activity, in United States currency, for which the defendants are jointly and severally liable.

        60.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        a.  cannot be located upon the exercise of due diligence;

        b.  has been transferred or sold to, or deposited with, a third party;

        c.  has been placed beyond the jurisdiction of the court;

        d.  has been substantially diminished in value; or

        e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of such defendant(s) up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code Sections 1963(d) and (m), 981(a)(1)(C); Title 21, United States Code 853(p); Title 28, United States Code, Section 2461(c))

### FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH SEVEN AND ELEVEN THROUGH SIXTEEN

61.   The United States hereby gives notice to the defendants charged in Counts Two through Seven and Eleven through Sixteen that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of any such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

62.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

26

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c))

<u>CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TEN</u>

63. The United States hereby gives notice to the defendants charged in Count Ten that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such an offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly as the result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

27

64.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Section 853(p))

<u>FORFEITURE ALLEGATION AS TO COUNT NINE</u>

65.   The United States hereby gives notice to the defendants charged in Count Nine that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924.

28

66.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of such defendant(s) up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

30

F#2008R00530
FORM DBD-34
JUN. 85

No. *08-240 (S-5)(BMC)*

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

JOHN FRANZESE, JOHN CAPOLINO, CHRISTOPHER CURANOVIC, JOSEPH DIGORGA,
ANGELO GIANGRANDE and ORLANDO SPADO

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 892(a), 894(a)(1), 924(c)(1)(A)(ii), 924(d), 981(a)(1)(C), 1951(a), 1962(d), 1963, 2 and 3551 et seq.;
T. 21, U.S.C., §§ 841(b)(1)(A)(ii)(II), 846, 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                          *Foreman*

Filed in open court this _____
of _____ A.D. 20 ____

_____ *day.*

Bail, $ _____

_____ *Clerk*

*Rachel Nash, Assistant U.S. Attorney (718-254-6072)*

## INFORMATION SHEET

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

1.  Title of Case:  **United States v. John Franzese, John Capolino, Christopher Curanovic, Joseph DiGorga, Angelo Giangrande, Orlando Spado**

2.  Related Magistrate Docket Number(s):

    None ( )

3.  Arrest Date:   Curanovic: 3.17.08
    Capolino: 6.4.08
    DiGorga: 6.4.08
    Giangrande: 6.4.08
    Franzese: 6.4.08

    **FILED**
    IN CLERK'S OFFICE
    U.S. DISTRICT COURT E.D.N.Y

    ★  APR 2 2 2010  ★

    **BROOKLYN OFFICE**

4.  Nature of offense(s):   ☒   Felony
    ☐   Misdemeanor

5.  Related Cases - Title and Docket No(s).  (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules):

    _____

6.  Projected Length of Trial:   Less than 6 weeks   (X)
    More than 6 weeks   ( )

7.  County in which crime was allegedly committed: Kings and Nassau, Suffolk
    (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Has this indictment/information been ordered sealed?      ( ) Yes  ( x ) No

9.  Have arrest warrants been ordered?      ( ) Yes  ( X ) No

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

By:   _Rachel J Nash_

Rachel Nash
Assistant U.S. Attorney
718-254-6072

Rev. 3/22/01