RICHARD B. LIND

ATTORNEY AT LAW

745 FIFTH AVENUE

SUITE 902

NEW YORK, N.Y. 10151

TELEPHONE (212) 888-7725

FACSIMILE (212) 371-2961

E-MAIL: RLINDESQ@AOL.COM

November 4, 2010

**Via ECF**
Hon. Brian M. Cogan
United States District Judge
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   United States v. John Franzese
>        08 CR 240 (BMC)

Dear Judge Cogan:

On behalf of defendant Franzese, this letter requests a postponement of his sentencing date from November 18, 2010[1] until no earlier that December 9, 2010, because the 45-page PSR was emailed me to me this afternoon, November 4, 2010. This does not afford me sufficient time, as required under Fed.R.Crim.P. Rule 32(e)(2),

Rule 32(e)(2) provides:

**(e) Disclosing the Report and Recommendation.**

\*         \*         \*

**(2) *Minimum* Required Notice.** The probation officer must give the presentence report to the *defendant*, the defendant's attorney, and an attorney for the government *at least 35 days before sentencing* unless the defendant waives this minimum period.

---

[1]  Franzese's sentencing was originally scheduled for October 8, 2010, but was rescheduled to November 18, 2010, at the request of the Probation Office, because the videoconferencing apparatus at the MDC was malfunctioning and Franzese's PSR interview had to be rescheduled.

**RICHARD B. LIND**                                                    2

Rule 32 (italics added). While, as noted, I have been provided with a copy of the PSR, I visited defendant Franzese today and he has not yet been with his own copy.

   Courts have required strict compliance with the Rule: "Rule 32 requires that a defendant be given a copy of his PSR at least 35 days before sentencing, Fed. Rule Crim. Proc. 32(e)(2)." *Irizarry v. United States*, 553 U.S. 708, 716, n.2 ( 2008); *accord. United States v. Jules*, 595 F.3d 1239, 1242  (11th Cir. 2010)("Rule 32 of the Federal Rules of Criminal Procedure requires a defendant be given 35 days to review and object to a PSR prepared for an original sentencing").

   In addition,"recogniz[ing] the significant role that Rule 32's requirements play in ensuring a just adjudication at the sentencing hearing," *United States v. Mitchell*, 243 F.3d 953, 955 (6th Cir.2001), courts have "made it clear on several occasions that the district courts must be in 'literal compliance' with the requirements of Rule 32," *United States v. Carter*, 374 F.3d 399, 408 (6th Cir.2004), *vacated on other grounds*, 543 U.S. 1111 (2005). Thus, "[c]ontrary to the government's assertion, such matters of timing are not within the district court's discretion." *United States v. Roberge*, 565 F.3d 1005, 1011 (6th Cir. 2009).

   In short, Rule 32(e)(2) stipulates a 35-day period of review prior to sentencing, unless a defendant waives same, which Mr. Franzese is not willing to do. Accordingly, defendant Franzese seeks an adjournment of his sentencing to a date no earlier than December 9, 2010. The government does not oppose an adjournment.

   Thank you for the Court's consideration of this request.

                                     Respectfully submitted,

                                     Richard B. Lind

cc: All Counsel (by ECF)